UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MATTHEW MICHAEL DUPRE                                            CIVIL ACTION

VERSUS                                                                          NO. 21-1847

SHERIFF CRAIG WEBRE, ET AL.                                    SECTION: "A"(1)

### REPORT AND RECOMMENDATION

Plaintiff, Matthew Michael Dupre, filed this pro se federal civil action pursuant to 42 U.S.C. § 1983. Two of the defendants, the State of Louisiana and CorrectHealth Lafourche, LLC, thereafter filed motions to dismiss.[1] Plaintiff did not respond to those motions, and mail from this Court sent to him at the Lafourche Parish Correctional Complex, his address of record, has been returned as undeliverable. According to that facility's online inmate roster, plaintiff is no longer incarcerated in that facility; moreover, a search of another online inmate locator (www.vinelink.com) does not reflect that he is currently incarcerated elsewhere with this state. As a result, his whereabouts are currently unknown. Therefore, for the following reasons, his complaint should be dismissed for failure to prosecute.

This Court's Local Rules provide: "Each attorney and pro se litigant has a continuing obligation promptly to notify the court of any address or telephone number change." Local Rule 11.1. It is clear that plaintiff was in fact aware of that obligation, in that his complaint included the following declaration: "I understand that if I am released or transferred, it is my responsibility

---

[1] Rec. Docs. 6 and 15.

to keep the Court informed of my whereabouts and failure to do so may result in this action being dismissed with prejudice."[2]

Additionally, this Court's Local Rules further provide:

> The failure of an attorney or pro se litigant to notify the court of a current e-mail or postal address may be considered cause for dismissal for failure to prosecute when a notice is returned to the court because of an incorrect address and no correction is made to the address for a period of 35 days from the return.

Local Rule 41.3.1. More than thirty-five days ago, mail sent to plaintiff at the Lafourche Parish Correctional Complex, his address of record, was returned by the United States Postal Service as undeliverable.[3]

In light of the foregoing, it is appropriate to dismiss plaintiff's complaint for want of prosecution. The authority of a federal trial court to dismiss a plaintiff's action because of failure to prosecute is clear. Link v. Wabash R.R., 370 U.S. 626 (1962); McCullough v. Lynaugh, 835 F.2d 1126 (5th Cir. 1988). The Federal Rules of Civil Procedure specifically provide that a court may, in its discretion, dismiss a plaintiff's action for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or any order of the court and that such a dismissal is considered to be an adjudication on the merits. Fed. R. Civ. P. 41(b). The Court's power to dismiss for want of prosecution should be used sparingly, although it may be exercised *sua sponte* whenever necessary to achieve the orderly and expeditious disposition of cases. Ramsay v. Bailey, 531 F.2d 706, 707 (5th Cir. 1976).

Because plaintiff is proceeding pro se, the Court need only consider his conduct in determining whether dismissal is proper under Rule 41(b). Here, plaintiff has failed to provide the

---

[2] Rec. Doc. 1, p. 6.
[3] Rec. Doc. 14.

Court with his current address despite being aware of his obligation to do so, and mail sent to him at his address of record has been returned as undeliverable. Due solely to plaintiff's failure, his whereabouts are unknown, and this Court has no way to contact him to advance his case on the docket. Accordingly, his complaint should be dismissed for failure to prosecute. Further, if that recommendation is adopted, the pending motions to dismiss should be denied as moot.

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's complaint be **DISMISSED WITH PREJUDICE** for failure to prosecute.

It is **FURTHER RECOMMENDED** that the motions to dismiss, Rec. Docs. 6 and 15, be **DENIED AS MOOT**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this ___7th___ day of March, 2022.

_____
**JANIS VAN MEERVELD**
**UNITED STATES MAGISTRATE JUDGE**